# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INGENIOSPEC, LLC,<br><br>Defendant. | Civil Action No. 1:25-cv-12531<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Bose Corporation ("Plaintiff" or "Bose"), by and through its undersigned counsel, hereby files this Complaint against IngenioSpec, LLC ("Defendant" or "IngenioSpec"), and in support thereof alleges the following:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment under the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. Bose seeks declarations that U.S. Patent Nos. 8,582,789 ("'789 patent"), 11,829,518 ("'518 patent"), 11,852,901 ("'2901 patent") and 12,044,901 ("'4901 patent") (collectively, the "Patents-in-Suit") are not and have not been infringed by Bose. Bose further brings a claim against IngenioSpec for unfair competition and false advertising under 15 U.S.C. § 1125(a).

## THE PARTIES

2.    Plaintiff Bose Corporation, a global leader in the research and development, manufacture, and sale of high-performance audio products, including home audio systems, speakers, noise cancelling and sports headphones, aviation and military headphones, and other

products, is a corporation organized and existing under the laws of the State of Delaware, having

a place of business at 100 The Mountain Road, Framingham, Massachusetts 01701.

3.     Since its founding in 1964 by Dr. Amar Bose, a distinguished professor at the

Massachusetts Institute of Technology, Bose has continually invested in research and development

to become a worldwide leader in audio and communication products for home, professional, and

aviation use. These investments in groundbreaking technologies have allowed Bose to be the first

to bring advanced technologies to market, such as launching one of the first commercial active

noise cancelling headsets. Bose has been awarded over 1,700 United States patents as a result of

this culture of innovation.

4.     Bose's QuietComfort Ultra Earbuds are among the pioneering products created as

a result of Bose's efforts. The QuietComfort Ultra Earbuds provide premium sound while utilizing

Bose's renowned active noise cancellation technology in a comfortable ergonomic design. These

products utilize Bluetooth to wirelessly connect with an audio source such as a smartphone

5.     Upon information and belief, IngenioSpec is a limited liability company formed

under the laws of the State of California with its principal address in San Jose, California.

## JURISDICTION AND VENUE

6.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.,

and under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

7.     This Court has subject-matter jurisdiction over the federal law claims pursuant to

28 U.S.C. §§ 1331, 1338, 2201(a), and 2202.

8.     The Court has personal jurisdiction over IngenioSpec because, as discussed herein,

IngenioSpec has purposely conducted its patent enforcement activities in this District and towards

Bose, a resident of this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in Massachusetts. Bose resides in Massachusetts. Bose designed the Accused Products in Massachusetts and sells the Accused Products in Massachusetts. Further, as discussed herein, IngenioSpec sent a communication alleging infringement of multiple Patents-in-Suit.

## THE PATENTS-IN-SUIT

10.     On November 12, 2013, the United States Patent and Trademark Office ("USPTO") issued the '789 patent, entitled "Hearing Enhancement Systems." Kwok Wai Cheung, Peter P. Tong, and C. Douglass Thomas are listed as inventors on the face of the '789 patent. The term of the '789 patent will expire on or about April 7, 2026. A copy of the '789 patent is attached hereto as Exhibit 1 and incorporated herein by reference.

11.     On November 28, 2023, the USPTO issued the '518 patent, entitled "Head-Worn Device with Connection Region." Thomas A. Howell, David Chao, C. Douglass Thomas, and Peter P. Tong are listed as inventors on the face of the '518 patent. The '518 patent expired on or about July 15, 2025. A copy of the '518 patent is attached hereto as Exhibit 2 and incorporated herein by reference.

12.     On December 26, 2023, the USPTO issued the '2901 patent, entitled "Wireless Headset Supporting Messages and Hearing Enhancement." Thomas A Howell, David Chao, C. Douglass Thomas, and Peter P. Tong are listed as inventors on the face of the '2901 patent. The '2901 patent and the '518 patent are related, as both patents claim priority U.S. Patent No. 12/803,732, filed on July 1, 2010. The '2901 patent expired on or about July 15, 2025. A copy of the '2901 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.     On December 26, 2023, the USPTO issued the '4901 patent, entitled "System for Charging Embedded Battery in Wireless Head-Worn Personal Electronic Apparatus." Thomas A Howell, David Chao, C. Douglass Thomas, and Peter P. Tong are listed as inventors on the face of the '4901 patent. The term of the '4901 patent will expire on or about October 11, 2026. A copy of the '4901 patent is attached hereto as Exhibit 4 and incorporated herein by reference.

14.     The '4901 patent is related to both the '518 patent and '2901 patent, as all three patents claim priority to a common group of U.S. provisional patent applications: U.S. Provisional Patent Application Nos. 60/725,896 (filed October 11, 2005), 60/725,999 (filed October 11, 2005), 60/787,850 (filed April 1, 2006), and 60/846,150 (filed September 20, 2006).

15.     IngenioSpec purports to be the owner of each of the Patents-in-Suit.

## DEFENDANT'S INFRINGEMENT CLAIMS AGAINST BOSE
## GIVE RISE TO A JUSTICIABLE CONTROVERSY

16.     IngenioSpec has purposefully availed itself of the privileges and protections of this District and has thereby subjected itself to the personal jurisdiction of this Court.

17.     For example, IngenioSpec's patent enforcement efforts against Bose include sending a direct communication to Bose's CEO in Framingham, Massachusetts on June 20, 2024.

18.     The June 20, 2024 communication, with the subject line "Offer to License or Buy IngenioSpec Patents," was sent by Peter Tong, a named inventor on IngenioSpec's patents and an attorney registered in the State of California.

19.     Despite the fact that Mr. Tong knew that IngenioSpec was adverse to Bose at the time in a matter before the U.S. International Trade Commission and was represented by outside counsel in that case, Mr. Tong wrote directly to Bose's CEO, Lila Snyder. As Mr. Tong is an attorney registered in the State of California, upon information and belief, the State Bar of California Rules of Professional Conduct prohibit attorneys (such as Mr. Tong) from

communicating directly with a party (such as Bose) that the lawyer knows to be represented by another lawyer in the matter. *See* Rule 4.2. Upon information and belief, when the party is a corporation (such as Bose), the lawyer (such as Mr. Tong) may not communicate with any officer, director, employee or agent of the organization (such as Bose's CEO). Upon information and belief, the prohibition extends to settlement offers and similar offers (such as Mr. Tong's June 20, 2024 communication to Bose's CEO). *See* ABA Formal Op. 92-362.

20.    In the June 20, 2024 communication, IngenioSpec stated as follows:

"We believe that Bose infringes several IngenioSpec's patents. More specifically, we believe that all Bose's electronic earbud products, including Bose QuietComfort Ultra Earbuds, Bose SoundSport series (wireless), and Bose Ultra Open Earbuds, infringe the following IngenioSpec patents/application:

US Patent 12,001,599
US Patent 11,829,518
US Patent 11,852,901
US Patent 11,921,355
US Patent 11,644,693
US Patent Publication 2024/0036361 A1

Copies of these patent documents are readily available. However, if you would like us to send you copies of these patent documents, please let us know."

21.    In the June 20, 2024 communication, Mr. Tong concluded by stating "As stated above, we are more than happy to offer Bose a license or a sale on reasonable terms to enable Bose to continue using our technologies. We are available to meet in person or via a Zoom meeting to discuss this matter in greater detail. We suggest such a meeting during the week of June 30, 2024."

22.    On October 7, 2024, IngenioSpec filed a patent infringement lawsuit against Bose in the U.S. District Court for the Eastern District of Texas asserting that Bose infringes each of the Patents-in-Suit. *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.) ("the Texas Suit").

23.     Bose is not incorporated in Texas and does not have any regular and established places of business in Texas.

24.     Therefore, under 28 U.S.C.§ 1400(b), which is the sole provision controlling venue in patent infringement actions, venue over Bose was improper in Texas. *See*, *e.g.*, *Koss Corp. v. Bose Corp.*, No. 20-cv-00661, 2021 U.S. Dist. LEXIS 122330, at *2, *6-*13 (W.D. Tex. Jun. 22, 2021).

25.     In the Texas Suit, IngenioSpec made the following venue allegations with respect to Bose: "On information and belief, Bose is a corporation organized under the laws of Massachusetts with its places of business at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 and 6121 West Park Boulevard, Space 121A, Plano, Texas 75093." *IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Dkt. 1 at ¶ 13.

26.     IngenioSpec's venue allegations in the Texas Suit were demonstrably false.

27.     First, Bose is not a corporation organized under the laws of Massachusetts. Rather, Bose is incorporated in Delaware, which IngenioSpec knew from an earlier proceeding. Indeed, in the International Trade Commission proceeding No. 337-TA-1383, IngenioSpec alleged that Bose was incorporated in Delaware, and Bose admitted to being incorporated in Delaware.

28.     Second, Bose does not have any "places of business at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 and 6121 West Park Boulevard, Space 121A, Plano, Texas 75093." In fact, Bose does not have any offices or retail locations in the state of Texas. The lease for the former Bose Store in Frisco expired on January 31, 2011, and the former Bose Store in Plano closed on January 31, 2020, following the expiration of Bose's lease at that location. This latter closure was in connection with Bose's decision to close all its retail locations in North America, Europe, Japan, and Australia, which was announced on January 15, 2020.

29.     If IngenioSpec had conducted a simple Google search before filing the Texas Suit, it would have discovered, for example, that the former Plano store was listed as "Permanently closed":



30.     Further, a basic Internet search of Bose's store locations—as IngenioSpec should have done in view of its obligations under Rule 11—would have revealed that Bose closed all its retail store locations in North America in 2020. For example:

- https://www.cnn.com/2020/01/16/business/bose-retail-store-closures/index.html (published Jan. 16, 2020)

- https://www.cnet.com/tech/home-entertainment/bose-is-closing-all-retail-locations-in-north-america-europe-australia-and-japan/ (published Jan. 15, 2020)

- https://gizmodo.com/say-goodbye-to-every-bose-store-in-the-u-s-1841048731 (published Jan. 16, 2020)

31.     Accordingly, Bose filed a Motion to Dismiss for Improper Venue on November 27, 2024. *IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Dkt.

No. 11. Bose also simultaneously served a Rule 11 Motion for Sanctions on IngenioSpec and its counsel on November 27, 2024 because IngenioSpec's Complaint in the Texas suit included venue allegations that were demonstrably false.

32.    IngenioSpec stipulated to a dismissal of the Texas Suit without prejudice on December 11, 2024. *IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Dkt. No. 14.

33.    In the Texas suit, and for each of the Patents-in-Suit, IngenioSpec defined the "Accused Products" as the "Bose QuietComfort Ultra Earbuds." *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶¶ 6, 8, 10, and 12.

34.    In the Texas suit, IngenioSpec alleged that Bose directly infringes the '518 patent because Bose allegedly "makes, uses, offers for sale, sells, and/or imports certain wireless electronic devices configured to produce audio output for a user and configured to removably couple to conductive contacts of a counterpart connector external to and separate from the wireless electronic device." *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶ 21.

35.    In the Texas suit, IngenioSpec alleged that Bose directly infringes the '4901 patent because Bose allegedly "makes, uses, offers for sale, sells, and/or imports certain personal electronic apparatus configured to be worn by a user including a speaker, a touch sensitive surface, a rechargeable battery, electronic circuitry, and at least one conductive element partially exposed to enable interconnection." *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶ 30.

36.     In the Texas suit, IngenioSpec alleged that Bose directly infringes the '789 patent because Bose allegedly "makes, uses, offers for sale, sells, and/or imports hearing enhancement systems including an audio system configured to receive input signals for broadcasting, and a wireless receiver configured to wirelessly receive up-converted signals and down-convert those signals and modify them based on a at least one hearing characteristic of the user." *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶ 39.

37.     In the Texas suit, IngenioSpec alleged that Bose directly infringes the '2901 patent because Bose allegedly "makes, uses, offers for sale, sells, and/or imports wireless wearable devices." *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶ 48.

38.     Accordingly, there is a justiciable controversy between IngenioSpec and Bose as to Bose's alleged direct infringement of the Patents-in-Suit.

39.     In the Texas Suit, IngenioSpec also alleged, *inter alia*, that Bose "knowingly and intentionally induces infringement of one or more claims" of the Patents-in-Suit. *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶¶ 23, 32, 41, and 50. IngenioSpec further alleged, *inter alia*, that despite knowledge of the Patents-in-Suit, Bose continues to "actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale" the Accused Products "in ways that directly infringe" the Patents-in-Suit. *See IngenioSpec, LLC v. Bose Corporation*, Case No. 2:24-CV-00822-JRG (E.D. Tex.), Compl., Dkt. No. 1, at ¶¶ 23, 32, 41, and 50. There is thus a justiciable controversy between IngenioSpec and Bose as to Bose's alleged indirect infringement of the Patents-in-Suit.

40.     Bose has a direct and substantial interest in defeating any claims relating to its Accused Products and the alleged infringement of the Patent-in-Suit. That interest is based on the accusations of direct and indirect infringement against Bose's Accused Products, which has cast a cloud over those products.

41.     An actual, substantial, and continuing judiciable controversy exists between Bose and IngenioSpec as to whether or not Bose has infringed any claims of the Patent-in-Suit, directly or indirectly. Bose and IngenioSpec have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the Patents-In-Suit.

## COUNT I
### (Declaratory Judgement of Non-Infringement of the '518 Patent)

42.     Bose restates and realleges the allegations set forth in paragraphs 1 through 41 above and incorporates them herein by reference.

43.     In the Texas suit, IngenioSpec asserted that the Accused Products infringe at least Claim 1 of the '518 patent. Thus, there is an actual controversy between Bose and IngenioSpec as to Bose's alleged infringement of the '518 patent.

44.     None of the Accused Products infringe or have infringed any of the claims of the '518 patent.

45.     Exemplary Claim 1 of the '518 patent recites:

| Limitation | Claim Language |
|---|---|
| 1 [Preamble] | A head-worn wireless electronic apparatus at least configured for producing audio outputs for a user comprising: |
| 1[a] | a speaker in the head-worn wireless electronic apparatus; |
| 1[b] | an electrical connector at the head-worn wireless electronic apparatus, wherein the electrical connector includes at least two conductive pads, with the at least two conductive pads both on at least a surface of the head-worn wireless electronic apparatus, and wherein the at least two conductive pads are |

|  | configured to removably couple to corresponding conductive contacts of a counterpart connector external to and separate from the head-worn wireless electronic apparatus, at least via spring-force, to at least enable each of the at least two conductive pads electrically connected to its corresponding conductive contact; |
|---|---|
| 1[c] | a rechargeable battery in the head-worn wireless electronic apparatus; |
| 1[d] | a microphone in the head-worn wireless electronic apparatus; and |
| 1[e] | a touch-sensitive input surface on the head-worn wireless electronic apparatus, wherein the touch-sensitive input surface is configured to generate at least an electrical signal for an operation of the head-worn wireless electronic apparatus based on receiving at least a touch input. |

46.     Bose has not infringed any claim of the '518 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means

47.     None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '518 Patent.

48.     By way of example, the Accused Products do not satisfy at least limitation 1[b] of Claim 1 of the '518 Patent. The Accused Products do not contain conductive pads configured to removably couple to corresponding conductive contacts of a counterpart connector, at least via spring-force, as required by limitation 1[b] of Claim 1 of the '518 Patent.

49.     All of the claims of the '518 Patent either recite a limitation corresponding to or similar to limitation 1[b], or depend from a claim that recites this limitation. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '518 Patent for at least the same reason described above for Claim 1.

50.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and IngenioSpec regarding Bose's alleged infringement of the '518 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '518 Patent.

51.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '518 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

52.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '518 Patent. Accordingly, Bose seeks a judgment declaring that the claims of the '518 Patent are not infringed by any of the Accused Products as IngenioSpec alleges.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '4901 Patent)

53.     Bose restates and realleges the allegations set forth in paragraphs 1 through 52 above and incorporates them herein by reference.

54.     In the Texas suit, IngenioSpec asserted that the Accused Products infringe at least Claim 1 of the '4901 patent. Thus, there is an actual controversy between Bose and IngenioSpec as to Bose's alleged infringement of the '4901 patent.

55.     None of the Accused Products infringe or have infringed any of the claims of the '4901 patent.

56.     Exemplary Claim 1 of the '4901 patent recites:

| Limitation | Claim Language |
|---|---|
| 1 [Preamble] | A system, comprising: |
| 1[a] | a head-worn personal electronic apparatus, including at least: |
| 1[a][1] | a head-worn structure configured to be worn by a user; |

| 1[a][2] | a speaker at least partially contained within the head-worn structure, the speaker being configured to be worn proximate to an ear of the user when the head-worn structure is being worn by the user; |
|---|---|
| 1[a][3] | a touch sensitive surface at least partially contained within the head-worn structure and configured to sense a touch input associated with the user; |
| 1[a][4] | a rechargeable battery contained within the head-worn structure; |
| 1[a][5] | electronic circuitry contained within the head-worn structure, the electronic circuitry being electrically connected to at least the rechargeable battery, and the electronic circuitry being electrically connected to the touch sensitive surface; |
| 1[a][6] | wireless communication circuitry at least partially contained within the head-worn structure, the wireless communication circuitry being electrically connected to at least the rechargeable battery; and |
| 1[a][7] | at least one conductive element at least partially included within the head-worn structure, the at least one conductive element being at least partially exposed to enable interconnection therewith, the at least one conductive element being electrically connected to at least the rechargeable battery; and |
| 1[b] | a charging apparatus having at least a charging connector, |
| 1[c] | wherein on placement of the head-worn personal electronic apparatus in the charging apparatus, electrical connection results at least from the at least one conductive element connecting with the charging connector, and thereby the rechargeable battery of the head-worn personal electronic apparatus is able to be recharged while the head-worn personal electronic apparatus is placed in the charging apparatus. |

57.    Bose has not infringed any claim of the '4901 patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

58.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '4901 patent.

59.    By way of example, the Accused Products do not satisfy at least limitation 1[a][1] of Claim 1 of the '4901 patent. The Accused Products are not head-worn structures, as required by limitation 1[a][1] of Claim 1 of the '4901 Patent. The term "head-worn structure" is not used in the specification of the '4901 patent. All devices disclosed in the '4901 Patent are eyewear devices.

60.     All of the claims of the '4901 patent either recite a limitation corresponding to or similar to limitation 1[a][1], or depend from a claim that recites this limitation. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Bose does not infringe and has not infringed any claim of the '4901 patent for at least the same reasons described above for Claim 1.

61.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and IngenioSpec regarding Bose's alleged infringement of the '4901 patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '4901 patent.

62.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '4901 patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

63.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '4901 patent. Accordingly, Bose seeks a judgment declaring that the claims of the '4901 Patent are not infringed by any of the Accused Products as IngenioSpec alleges.

## <u>COUNT III</u>
### (Declaratory Judgement of Non-Infringement of the '789 Patent)

64.     Bose restates and realleges the allegations set forth in paragraphs 1 through 63 above and incorporates them herein by reference.

65.     In the Texas suit, IngenioSpec asserted that the Accused Products infringe at least Claim 1 of the '789 patent. Thus, there is an actual controversy between Bose and IngenioSpec as to Bose's alleged infringement of the '789 patent.

66.     None of the Accused Products infringe or have infringed any of the claims of the '789 patent.

67.    Exemplary Claim 13 of the '789 patent recites:

| Limitation | Claim Language |
|---|---|
| 13 [Preamble] | A hearing enhancement apparatus for a user, the apparatus being wirelessly coupled to an audio system, which is configured to up-convert input signals into up-converted signals to be wirelessly transmitted, the apparatus comprising: |
| 13[a] | a wireless receiver configured to wirelessly receive the up-converted signals; |
| 13[b] | a down-converter configured to down-convert the received up-converted signals into down-converted signals; |
| 13[c] | a modifier configured to modify the down-converted signals into modified signals based on at least one hearing characteristic of the user to enhance the hearing of the user; and |
| 13[d] | a speaker configured to generate audio output signals from the modified signals for the user. |

68.    Bose has not infringed any claim of the '789 patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

69.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '789 Patent.

70.    By way of example, the Accused Products do not satisfy at least limitation 13[c] of Claim 13 of the '789 Patent. The Accused Products do not include a modifier configured to modify signals based on a hearing characteristic of the user, as required by limitation 13[c] of Claim 13 of the '789 Patent .

71.    All of the claims of the '789 Patent either recite a limitation corresponding to or similar to limitation 13[c], or depend from a claim that recites this limitation. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Bose does

not infringe and has not infringed any claim of the '789 Patent for at least the same reasons described above for Claim 13.

72.    Based on the foregoing, an actual controversy has arisen and now exists between Bose and IngenioSpec regarding Bose's alleged infringement of the '789 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '789 patent.

73.    A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '789 patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

74.    Bose is entitled to a declaration that it has not and does not infringe any claim of the '789 patent. Accordingly, Bose seeks a judgment declaring that the claims of the '789 patent are not infringed by any of the Accused Products as IngenioSpec alleges.

<u>**COUNT IV**</u>
**(Declaratory Judgement of Non-Infringement of the '2901 Patent)**

75.    Bose restates and realleges the allegations set forth in paragraphs 1 through 74 above and incorporates them herein by reference.

76.    In the Texas suit, IngenioSpec asserted that the Accused Products infringe at least Claim 10 of the '2901 patent. Thus, there is an actual controversy between Bose and IngenioSpec as to Bose's alleged infringement of the '2901 patent.

77.    None of the Accused Products infringe or have infringed any of the claims of the '2901 patent.

78.    Exemplary Claim 10 of the '2901 patent recites:

| Limitation | Claim Language |
|---|---|
| 10 [Preamble] | A wireless wearable device configured to secure to the head of a user, with the device proximate to at least one ear of the user to at least help the user hear, the wireless wearable device comprising: |
| 10[a] | a printed circuit board provided in the wireless wearable device, the printed circuit board having at least one electrical component attached thereon, the at least one electrical component being electrically connected to a plurality of other electrical components, each of the plurality of other electrical components being provided at least partially in the wireless wearable device; |
| 10[b] | a speaker in the wireless wearable device; |
| 10[c] | a microphone in the wireless wearable device; and |
| 10[d] | wireless communication circuitry, |
| 10[e] | wherein the at least one electrical component or the plurality of other electrical components include at least a controller, |
| 10[f] | wherein the at least a controller is configured to facilitate modifying power within a range of frequencies, to help the user hear outputs presented to the user via at least the speaker, |
| 10[g] | wherein the wireless communication circuitry is configured to wirelessly receive a message from a mobile phone via at least a Bluetooth network, |
| 10[h] | wherein if the message is a text message, the at least a controller is configured to have at least a notification of the text message presented to the user, |
| 10[i] | wherein if the message is an audio message, the at least a controller is configured to have at least a notification of the audio message presented to the user, |
| 10[j] | wherein the wireless wearable device comprises another microphone, |
| 10[k] | wherein the microphone is configured to be located closer to mouth of the user than the another microphone when the wireless wearable device is worn by the user, |
| 10[l] | wherein at least the another microphone is configured to capture at least ambient noise, and |
| 10[m] | wherein at least a portion of signals from the microphone is configured to be reduced based on signals from the another microphone at least for reducing at least a portion of the ambient noise in signals from the microphone. |

79. Bose has not infringed any claim of the '2901 patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

80.     None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '2901 patent.

81.     By way of example, the Accused Products do not satisfy at least limitations 10[g] and [h] of Claim 10 of the '2901 patent. The Accused Products do not receive any text messages from a mobile phone via a Bluetooth network, as required by limitations 10[g] and [h] of Claim 10 of the '2901 Patent.

82.     All of the claims of the '2901 patent either recite a limitation corresponding to or similar to limitation 10[h], or depend from a claim that recites this limitation. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Bose does not infringe and has not infringed any claim of the '2901 patent for at least the same reasons described above for Claim 10.

83.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and IngenioSpec regarding Bose's alleged infringement of the '2901 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '2901 patent.

84.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '2901 patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

85.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '2901 Patent. Accordingly, Bose seeks a judgment declaring that the claims of the '2901 Patent are not infringed by any of the Accused Products as IngenioSpec alleges.

### COUNT V
### (Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

86.     Bose restates and realleges the allegations set forth in paragraphs 1 through 85 above and incorporates them herein by reference.

87.     IngenioSpec claims to sell INGENIOAUDIO earbuds through its website: https://www.ingeniospec.com/product-page/ingenioaudio.



88.     IngenioSpec further claims that the INGENIOAUDIO earbuds include IngenioSpec's "patented features."



89.    Upon information and belief, the earbuds pictured on the IngenioSpec website were not designed by IngenioSpec nor were they manufactured for IngenioSpec. Rather, the pictured earbuds were manufactured and sold by the Shenzhen Xiangxiangyu Technology Co., Ltd. on the website AliBaba.com for $6.50 (or less) per unit as shown below:



90.    Upon information and belief, as further shown in the chart below, the earbuds pictured on the IngenioSpec website (shown on the right-hand side of the chart) are simply generic earbuds available on the website Alibaba.com (shown on the left-hand side of the chart) with a few additional labels apparently added after-the-fact by IngenioSpec (see the red arrows on the right-hand side of the chart pointing to the additional labels).

| Product from Alibaba.com | IngenioSpec "Product" |
|---|---|



91.     Although the INGENIOAUDIO earbuds are allegedly offered by IngenioSpec for sale on its website, upon information and belief, IngenioSpec does not actually ship products. Rather, IngenioSpec has offered these non-existent earbuds for sale to deceptively present itself as "a pioneer in the electronic eyewear marketplace" rather than a non-practicing entity.

92.     IngenioSpec acted unfairly and deceptively by offering for sale and accepting a payment for a non-existent product claiming to include features patented by IngenioSpec.

93.     IngenioSpec's advertising in connection with its INGENIOAUDIO earbuds, as set forth above, is use in commercial advertising and/or promotion of false and misleading descriptions of fact that misrepresent the characteristics and qualities of IngenioSpec's goods.

94.     The false and misleading statements are material in that they are likely to influence the purchasing decisions of consumers.

95.     IngenioSpec's false and misleading statements were made in interstate commerce and in the context of commercial advertising or promotion.

96.     Bose attempted to purchase the non-existent earbuds through its counsel as part of an investigation related to the patent infringement controversy between itself and IngenioSpec. IngenioSpec's false and misleading statements have actually deceived, will continue to actually deceive and have the tendency to deceive a substantial segment of those who have seen IngenioSpec's false statements and misrepresentations.

97.     IngenioSpec's conduct has violated, and continues to violate, the Lanham Act, 15 U.S.C. § 1125(a).

98.     As a result of IngenioSpec's violation of 15 U.S.C. § 1125(a), Bose has been damaged and will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Bose prays for the following judgments and relief:

A.      A declaration that Bose has not infringed any claim of the '518 patent;

B.      A declaration that Bose has not infringed any claim of the '4901 patent;

C.      A declaration that Bose has not infringed any claim of the '789 patent;

D.      A declaration that Bose has not infringed any claim of the '2901 patent;

E.      An injunction against IngenioSpec, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any Bose product, service, or technology, or others' use thereof, infringes any claim of any of the Patents-in-Suit;

F.      A declaration that this case is exceptional under 35 U.S.C. § 285;

G.    An award of Bose's reasonable attorneys' fees, costs, and expenses incurred in this action under 35 U.S.C. § 285, any other federal statute, or common law; and

H.    A judgment that IngenioSpec has committed unfair competition and/or false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

I.    Attorneys' fees, costs, and damages for IngenioSpec's violation of the Lanham Act, 15 U.S.C. § 1125(a).

J.    An award of such other and further relief in law or in equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Bose hereby demands a jury trial on all issues triable before a jury.

Dated: September 10, 2025                    Respectfully submitted,

*/s/ Jeremy P. Oczek*
Jeremy P. Oczek, Esq. (BBO # 647509)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

COUNSEL FOR PLAINTIFF
BOSE CORPORATION